## LENNON v. CHARIG.

(Supreme Court, Appellate Term. February 4, 1907.)

CONTRACTS—ACTION—SUFFICIENCY OF EVIDENCE.

> Evidence in an action for work claimed to have been performed under a contract *held*, in view of inherent improbabilities in portions of plaintiff's testimony and flat contradictions by defendant, insufficient to sustain a finding for plaintiff.

Appeal from City Court of New York, Trial Term.

Action by William F. Lennon against Irving S. Charig. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Salter & Steinkamp (George M. S. Schulz, of counsel), for appellant. John H. Regan, for respondent.

PER CURIAM. The plaintiff sought to recover in this action for certain work which he claimed to have performed and certain materials furnished by him in altering a store upon premises owned by defendant. The contract forming a basis of plaintiff's claim was a proposition in writing, submitted by plaintiff to the defendant, containing the details of the proposed alterations and the materials to be furnished, etc., and the price. This proposition the plaintiff alleged the defendant accepted by handing to him (plaintiff) a card, signed by the defendant, after the words: "O. K. Go ahead"—had been written thereon. The defendant denied that when he gave this card to the plaintiff said words were on it, asserting that he had recently purchased the property, and that he had signed the card to give the plaintiff his name and address, as plaintiff was then an occupant of the premises.

It appears that the proposition made by plaintiff was dated April 3, 1906; and the card upon which the purported acceptance of the plaintiff's offer was made bore date April 4, 1906, and that the plaintiff was ejected from the premises some time in the same month. The plaintiff testified that, after the defendant had accepted his offer, he (plaintiff) put up a partition in the premises, and tore down others; that previous to April 4th he had purchased a quantity of material, which was then stored in the cellar of the building; that he gave out some contracts for the iron and other materials, and prepared plans for the proposed alterations; and that he was then told by the defendant not to proceed further with the work. He admits, however, that, although he claims to be an architect, he did not file any plans with the building department of the city. He was also disputed by three apparently disinterested witnesses as to having made any changes or done any work of any kind upon the premises. The plaintiff testified that his plans were worth $300, and those, together with his services connected with the contract, were worth $600. He recovered a verdict of $300. In view of the inherent improbability of portions of plaintiff's testimony, and his flat contradiction by the defendant and the defendant's witnesses, we think that the plaintiff failed to sustain the burden of proof cast upon him, and that a new trial should be ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.